# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

_Erica C. Johnson_

_____

_____

*Full name(s) of Plaintiff(s)*

v.

_Free Library of Philadelphia_
_and The City of Philadelphia_
_Department of Labor Employee Relations Unit_

*Full name(s) of Defendant(s)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

CIVIL ACTION
NO._____

REC'D JUL 1 4 2026

This action is brought for discrimination in employment pursuant to (check only those that apply):

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

_____ Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓ Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

-1-

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name: Erica C. Johnson
Street Address: 32 W Maplewood Mall, 2ndFl
County, City: Philadelphia
State & Zip: PA 19144
Telephone Number: 267 738·3181

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant     Name: City of Philadelphia - Department of Labor, Employee Relations Unit
Street Address: 1401 John F. Kennedy Blvd., Suite 1630
County, City: Philadelphia
State & Zip: PA 19102
Telephone Number: 215·686·4670

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Joseph E. Coleman Regional Library
Street Address: 68 W Chelten Avenue
County, City: Philadelphia
State & Zip: PA 19144
Telephone Number: 215·685·2150

## II. Statement of the Claim

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

_____ Failure to hire me

_____ Termination of my employment

_____ Failure to promote me

-2-

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

## I.  Parties in this complaint:

A.  List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff  Name: Erica C. Johnson
Street Address: 32 W Maplewood Mall, 2nd FL
County, City: Philadelphia
State & Zip: PA 19144
Telephone Number: 267-738-3181

B.  List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page.  Attach additional sheets of paper as necessary.

Defendant  Name: Free Library of Philadelphia, Officer, Director
Street Address: 1901 Vine St
County, City: Philadelphia
State & Zip: PA 19103
Telephone Number: 215-686-5322

C.  The address at which I sought employment or was employed by the defendant(s) is:

Employer: Joseph E. Coleman Regional Library
Street Address: 68 W Chelten Avenue
County, City: Philadelphia
State & Zip: PA 19144
Telephone Number: 215-685-2150

## II.  Statement of the Claim

A.  The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

_____  Failure to hire me

_____  Termination of my employment

_____  Failure to promote me

-2-

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name: Erica C. Johnson
Street Address: 32 W Maplewood Mall, 2nd FL
County, City: Philadelphia
State & Zip: PA 19144
Telephone Number: 267-738-3181

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant    Name: City of Philadelphia
Street Address: 1515 Arch St
County, City: Philadelphia
State & Zip: PA 19102
Telephone Number: 215-686-1776

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Joseph E Coleman Regional Library
Street Address: 68 W Chelten Avenue
County, City: Philadelphia
State & Zip: PA 19144
Telephone Number: 215-685-2150

## II. Statement of the Claim

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

_____ Failure to hire me

_____ Termination of my employment

_____ Failure to promote me

-2-

_____ Failure to reasonably accommodate my disability

_____ Failure to reasonably accommodate my religion

✓ Failure to stop harassment

✓ Unequal terms and conditions of my employment

✓ Retaliation

✓ Other (*specify*): Hostile work environment - Please see Attached,

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B. It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) 6 , (day) 10 , (year) 2025 .

C. I believe that the defendant(s) (check one):

✓ is still committing these acts against me.

_____ is **not** still committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

✓ race Black       ✓ color dark skin

_____ religion _____       ✓ gender/sex Female

_____ national origin _____

✓ age My date of birth is 10-10-1973 (*Give your date of birth only if you are asserting a claim of age discrimination*)

E. The facts of my case are as follow (*attach additional sheets of paper as necessary*):

I am currently employed as a Library Assistant 1 at the Joseph E. Coleman Library, Part of Free Library of Philadelphia system. I began my employement on November 14, 2024, and I remain employed at this location. Throughout my employment, I have experienced workplace violence, harassment, retaliation unequal treatment, and a hostile work environment. See attached Statement of facts.

-3-

_____ Failure to reasonably accommodate my disability

_____ Failure to reasonably accommodate my religion

_✓_ Failure to stop harassment

_✓_ Unequal terms and conditions of my employment

_✓_ Retaliation

_✓_ Other (*specify*): Failure to represent, Aiding and abetting

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B.    It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month)_____, (day)_____, (year)_____.

C.    I believe that the defendant(s) (check one):

      _____ is still committing these acts against me.
      _____ is **not** still committing these acts against me.

D.    Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

  _✓_ race _Black._       _____ color _____

  _____ religion _____     _____ gender/sex _____

  _____ national origin _____

  _____ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E.    The facts of my case are as follow (*attach additional sheets of paper as necessary*):

<div style="border-bottom:1px solid"></div>

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

My monthly take-home pay is $2,650.85. My rent is $1,180 per month, and I pay $775 bi-weekly to remain current, with $590 of each payment applied to rent and $185 applied to arrears, for a total monthly housing cost of $1,550. I have a past-due gas balance of approximately $5,000, with monthly charges typically between $150 and $250, and an electric bill of approximately $130 per month with a past-due balance of about $1,000. My utilities also include a $20 cell phone bill, $40 internet bill, and a $24.99 Prime Video subscription.

I have secondary medical insurance through public assistance, so my primary care copay is $0. I pay $25 weekly for therapy (about $100 per month) and $12–$18 per month for prescription copays for six medications at $2–$3 each. My home maintenance costs are $15–$25 bi-weekly, totaling $30–$50 per month. I pay $215 per month for two life-insurance policies and I am three months behind, with $645 in arrears. I also have a Capital One balance of $200 and make bi-weekly payments of $25.

I have mandatory payroll deductions including a PEN Plan pre-tax deduction of $59.54 bi-weekly ($119.08 monthly) and union dues of $30 bi-weekly ($60 monthly). I support my son and cover food, laundry, transportation, and other basic household needs. At this time, I cannot afford clothing at all.

My total monthly expenses are approximately $3,459.08–$3,479.08, which is higher than my monthly income. Based on these circumstances, I am financially unable to hire counsel.

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

ATTACHMENT

Other-"Hostile work environment, medical privacy violations, and failure to investigate complaints."

ATTACHMENT TO SECTION E — STATEMENT OF FACTS

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

I am currently employed as a Library Assistant 1 at the Joseph E. Coleman Regional Library, part of the Free Library of Philadelphia system. I began my employment on November 14, 2024, and I remain employed at this location. Throughout my employment, I have experienced repeated harassment, workplace violence, retaliation, unequal treatment, and a hostile work environment. Despite multiple reports to supervisors, HR, and union representatives, the defendants failed to investigate, intervene, or protect me.

Beginning in June 2025, I was subjected to workplace violence by a coworker, including verbal aggression, physical intimidation, and false accusations. When I reported these incidents, supervisors dismissed my concerns, minimized my safety needs, and failed to enforce boundaries intended to protect me. Additional coworkers engaged in yelling, growling, physical boundary violations, and unwanted physical contact. These incidents occurred repeatedly over the course of my employment.

Supervisors and HR did not stop the harassment. Instead, they blamed me for incidents in which I was the victim, issued disciplinary notices based on false complaints, and shared my confidential medical information without my consent. HR failed to investigate my reports, failed to preserve video evidence, and failed to provide copies of investigatory notes. I was subjected to an unfair evaluation and retaliatory discipline after reporting misconduct.

As these events continued, I also noticed that I was treated differently because of my age. I am 52 years old, and throughout my employment I was subjected to more scrutiny, harsher discipline, and less support than younger employees. Younger coworkers who yelled, violated boundaries, or acted aggressively were not disciplined, while I was repeatedly blamed for incidents I did not cause. My concerns were dismissed, my reports were minimized, and I was treated as the problem even when I was the one being targeted. I received an "Unsatisfactory" evaluation based on an incident caused by a younger coworker, and I was pressured to accept burdens and working conditions that younger employees were not asked to accept. These experiences made me feel that I was being treated unfairly because of my age, and that this unfair treatment and retaliation added to the hostile environment I faced at work.

In addition to retaliation and unequal treatment, I also experienced racism and silent sexual harassment. The coworker who repeatedly harassed me, James Pfizenmayer, is a white male, and his non-verbal sexual harassment included staring, invading my personal space, and violating

1

ATTACHMENT TO SECTION E — STATEMENT OF FACTS

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

boundaries that supervisors themselves had put in place. Another coworker, Mandi Welsh, a white female, publicly yelled at me and acted aggressively without facing any consequences. All members of leadership involved in my case were white, except for my immediate supervisor, who is male. This racial and gender power imbalance contributed to the way my concerns were dismissed, minimized, or ignored. White employees who engaged in hostile or unprofessional behavior toward me faced no discipline, while I, a Black woman, was blamed, disciplined, or treated as the problem even when I was the victim. The combination of racial bias, gender dynamics, and silent sexual harassment significantly contributed to the hostile and unsafe environment I experienced at work.

The hostile work environment escalated through 2026, including repeated physical boundary violations, yelling, intimidation, and unsafe working conditions. HR began an investigatory process in June 2026. During the first interview, my statements were rephrased without allowing me to review or correct them. HR did not provide me with a copy of the notes from that interview. HR is currently conducting a continuation of this investigation, but has still not provided the notes from the first session despite my requests.

In May 2026, I asked about serving as an acting LA-3 supervisor when the regular supervisor was not present. This was the first time I learned that there was a rotation system for acting-supervisor duties, and I had never been informed that this was an opportunity available to me. I requested to be added to the rotation, but I was denied by both a coworker and a supervisor. I later learned that other employees had been included in the rotation without needing to ask, while I was kept unaware that the opportunity even existed. On June 4, 2026, I was allowed to serve in the acting-supervisor role for only four hours, and I was not added to the regular rotation. Around the same time, management received emails about upcoming LA-2 and LA-3 promotional exams but never informed me, which prevented me from applying and advancing my career. Being kept in the dark about advancement opportunities, denied access to acting-supervisor duties, and limited to a single four-hour assignment harmed my ability to progress professionally. Additionally, the negative mark placed in my personnel file further damaged my chances for advancement and contributed to the unequal treatment and retaliation I experienced.

Throughout this period, I was treated differently than other employees. My reports were ignored, my safety concerns were dismissed, and I was subjected to retaliatory actions after reporting

ATTACHMENT TO SECTION E — STATEMENT OF FACTS

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

harassment and workplace violence. The defendants failed to stop the harassment, failed to investigate my complaints, and failed to provide a safe working environment.

As a result of the defendants' actions and omissions, I experienced ongoing harassment, retaliation, unequal terms and conditions of employment, age discrimination, race discrimination, sex discrimination, and a hostile work environment. My confidential medical information was shared without my consent, and my complaints were not properly investigated. These issues have continued to affect my ability to feel safe, supported, and treated fairly at work.

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

QUESTION 4 — "The reasons for my claims are

I was hired on November 14, 2024, as a Library Assistant 1 at the Joseph E. Coleman Regional Library. Beginning June 10, 2025, I experienced workplace violence, racial discrimination, silent sexual harassment, retaliation, and unequal treatment. My reports were ignored, video evidence was not preserved, and HR failed to investigate my complaints. I was disciplined based on false allegations, given an unfair evaluation, and my confidential medical information was improperly shared. I was denied advancement opportunities, including being excluded from the LA-3 acting supervisor rotation and not being informed of promotional exams. I experienced a hostile work environment created by white coworkers and white leadership, and I was treated differently as a Black woman and as an older employee. These actions violated Title VII and created ongoing retaliation, discrimination, and harm to my career.

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

GOVERNMENT AGENCIES CONTACTED

- EEOC
- Philadelphia Commission on Human Relations (PCHR)
- City of Philadelphia Employee Relations Unit (ERU)
- Pennsylvania Labor Relations Board (PLRB)
- National Labor Relations Board (NLRB)
- State Representative Andre Carroll

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

UNION CONTACTS

- AFSCME Philadelphia (Malik)

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

GOVERNMENT AGENCIES CONTACTED

- EEOC
- Philadelphia Commission on Human Relations (PCHR)
- City of Philadelphia Employee Relations Unit (ERU)
- Pennsylvania Labor Relations Board (PLRB)
- National Labor Relations Board (NLRB)
- State Representative Andre Carroll

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

My monthly take-home pay is $2,650.85. My rent is $1,180 per month, and I pay $775 bi-weekly to remain current, with $590 of each payment applied to rent and $185 applied to arrears, for a total monthly housing cost of $1,550. I have a past-due gas balance of approximately $5,000, with monthly charges typically between $150 and $250, and an electric bill of approximately $130 per month with a past-due balance of about $1,000. My utilities also include a $20 cell phone bill, $40 internet bill, and a $24.99 Prime Video subscription.

I have secondary medical insurance through public assistance, so my primary care copay is $0. I pay $25 weekly for therapy (about $100 per month) and $12–$18 per month for prescription copays for six medications at $2–$3 each. My home maintenance costs are $15–$25 bi-weekly, totaling $30–$50 per month. I pay $215 per month for two life-insurance policies and I am three months behind, with $645 in arrears. I also have a Capital One balance of $200 and make bi-weekly payments of $25.

I have mandatory payroll deductions including a PEN Plan pre-tax deduction of $59.54 bi-weekly ($119.08 monthly) and union dues of $30 bi-weekly ($60 monthly). I support my son and cover food, laundry, transportation, and other basic household needs. At this time, I cannot afford clothing at all.

My total monthly expenses are approximately $3,459.08–$3,479.08, which is higher than my monthly income. Based on these circumstances, I am financially unable to hire counsel.

Erica C. Johnson v. Free Library of Philadelphia, the City of Philadelphia, and the Employee Relations Unit (ERU)

Beginning on June 10, 2025, I experienced ongoing race discrimination, sex discrimination, sexual harassment, silent sexual harassment, and retaliation at the Joseph E. Coleman Regional Library. Multiple coworkers and supervisors, including James Pfizenmayer, Marion Ashton, Chloe Murphy, Niya Davis, Mandi Welsh, Lisa Chianses-Lopez, Antoinette Hoagland, Ellestine Hines, Stephanie Bujak, and Thomas Jackson, took part in behavior that created a hostile work environment and made it difficult and unsafe for me to do my job.

The harassment started when James verbally attacked me, acted aggressively, and trapped me in the lunchroom. After I reported this incident, he continued to violate the boundaries management put in place, stood too close to me, used intimidating body positioning, and filed a false workplace violence complaint against me. Instead of addressing his behavior, Library HR focused only on his false allegations and ignored my reports. This showed discriminatory treatment and retaliation for speaking up about workplace violence and sexual harassment.

Other employees also contributed to the hostile environment. Marion Ashton repeatedly yelled at me, approached me in a threatening way, and made false accusations. Chloe Murphy removed safety barriers, made unwanted physical contact, and returned to the worksite even though she was no longer assigned there. Niya Davis verbally attacked me without provocation. Mandi Welsh yelled at me in front of coworkers and patrons. Ellestine Hines dismissed my concerns, refused to allow LA3 rotation, and stated she did not like the rotation, which denied me equal opportunities and reinforced retaliatory treatment. None of these employees were disciplined, and several were promoted or publicly recognized. This created a pattern where misconduct toward me was tolerated and reporting it led to retaliation.

Supervisors and Library HR made the situation worse. They ignored my reports, failed to preserve video evidence, mishandled investigations, shared my confidential medical information, opened retaliatory investigations against me, and gave me a negative performance evaluation based entirely on incidents caused by others. HR also added a permanent Employee Assistance Program recommendation to my personnel file even after clearing me of workplace violence and

threatening behavior. These actions show ongoing retaliation for reporting discrimination, sexual harassment, and unsafe behavior.

The repeated actions of coworkers, supervisors, and Library HR interfered with my ability to perform my job, harmed my professional standing, and caused significant emotional and physical distress. Their conduct created a hostile, unsafe, and unstable work environment where my reports were ignored, my safety was not protected, and I was repeatedly singled out for unfair discipline and investigations. These experiences reflect ongoing problems involving discrimination, sexual harassment, silent sexual harassment, and retaliation that affected my employment and well-being.

Erica C. Johnson v. Free Library of Philadelphia, the City of Philadelphia, and the Employee Relations Unit (ERU)

Beginning on June 10, 2025, I experienced ongoing race discrimination, sex discrimination, sexual harassment, silent sexual harassment, and retaliation at the Joseph E. Coleman Regional Library. Multiple coworkers and supervisors, including James Pfizenmayer, Marion Ashton, Chloe Murphy, Niya Davis, Mandi Welsh, Lisa Chianses-Lopez, Antoinette Hoagland, Ellestine Hines, Stephanie Bujak, and Thomas Jackson, took part in behavior that created a hostile work environment and made it difficult and unsafe for me to do my job.

The harassment started when James verbally attacked me, acted aggressively, and trapped me in the lunchroom. After I reported this incident, he continued to violate the boundaries management put in place, stood too close to me, used intimidating body positioning, and filed a false workplace violence complaint against me. Instead of addressing his behavior, Library HR focused only on his false allegations and ignored my reports. This showed discriminatory treatment and retaliation for speaking up about workplace violence and sexual harassment.

Other employees also contributed to the hostile environment. Marion Ashton repeatedly yelled at me, approached me in a threatening way, and made false accusations. Chloe Murphy removed safety barriers, made unwanted physical contact, and returned to the worksite even though she was no longer assigned there. Niya Davis verbally attacked me without provocation. Mandi Welsh yelled at me in front of coworkers and patrons. Ellestine Hines dismissed my concerns, refused to allow LA3 rotation, and stated she did not like the rotation, which denied me equal opportunities and reinforced retaliatory treatment. None of these employees were disciplined, and several were promoted or publicly recognized. This created a pattern where misconduct toward me was tolerated and reporting it led to retaliation.

Supervisors and Library HR made the situation worse. They ignored my reports, failed to preserve video evidence, mishandled investigations, shared my confidential medical information, opened retaliatory investigations against me, and gave me a negative performance evaluation based entirely on incidents caused by others. HR also added a permanent Employee Assistance Program recommendation to my personnel file even after clearing me of workplace violence and

threatening behavior. These actions show ongoing retaliation for reporting discrimination, sexual harassment, and unsafe behavior.

The repeated actions of coworkers, supervisors, and Library HR interfered with my ability to perform my job, harmed my professional standing, and caused significant emotional and physical distress. Their conduct created a hostile, unsafe, and unstable work environment where my reports were ignored, my safety was not protected, and I was repeatedly singled out for unfair discipline and investigations. These experiences reflect ongoing problems involving discrimination, sexual harassment, silent sexual harassment, and retaliation that affected my employment and well-being.

Erica C. Johnson v. Free Library of Philadelphia, the City of Philadelphia, and the Employee Relations Unit (ERU)

TIMELINE OF EVENTS – FREE LIBRARY OF PHILADELPHIA

*(June 10, 2025 – June 2026)*

Library HR and Department of Labor ERU shown as separate departments

2025

June 10, 2025 — Library HR

James Pfizenmayer verbally attacked me at the circulation desk, falsely accused me of racial profiling, became physically intimidating, and trapped me in the staff lunchroom blocking my exit. Supervisor Lisa Chianses-Lopez sided with him. Security Supervisor Devin Foreman responded. The incident was captured on video but later erased. Library HR never contacted me.

June 23, 2025 — Library HR

Workplace Violence Report filed for the June 10 incident.

June 26, 2025 — Library HR

Meeting with Regional Librarian Stephanie Bujak and Supervisor Thomas Jackson. Boundaries established for James.

July 12, 2025 — Library HR

James violated boundaries by approaching the circulation desk.

July 14, 2025 — Library HR

James moved his seat behind Thomas Jackson.

July 15, 2025 — Library HR

James pushed a chair toward me.

July 16, 2025 — Library HR

I emailed supervisors documenting July violations.

Before July 30, 2025 — Library HR

I emailed Head of HR Donyale Henderson. No response.

July 30, 2025 — Library HR

I emailed Diversity Director Guy Sims. He stopped responding.

July 31, 2025 — Library HR

Assistant Chief Hoagland yelled at me and dismissed my boundaries.

August 1, 2025 — Library HR

Hoagland requested a "new list of boundaries."

August 4, 2025 — Library HR

I sent follow-up email documenting the July 31 meeting.

August 11, 2025 — Library HR

James brushed his body against mine. No action taken.

August 12, 2025 — Library HR

James blocked my exit and filed a false complaint.

I filed a workplace violence report.

Supervisor Lisa Chianses-Lopez supported James's false complaint.

Library HR investigated his complaint and ignored mine.

Erica C. Johnson v. Free Library of Philadelphia, the City of Philadelphia, and the Employee Relations Unit (ERU)

TIMELINE OF EVENTS – FREE LIBRARY OF PHILADELPHIA

*(June 10, 2025 – June 2026)*

Library HR and Department of Labor ERU shown as separate departments

2025

June 10, 2025 — Library HR

James Pfizenmayer verbally attacked me at the circulation desk, falsely accused me of racial profiling, became physically intimidating, and trapped me in the staff lunchroom blocking my exit. Supervisor Lisa Chianses-Lopez sided with him. Security Supervisor Devin Foreman responded. The incident was captured on video but later erased. Library HR never contacted me.

June 23, 2025 — Library HR

Workplace Violence Report filed for the June 10 incident.

June 26, 2025 — Library HR

Meeting with Regional Librarian Stephanie Bujak and Supervisor Thomas Jackson. Boundaries established for James.

July 12, 2025 — Library HR

James violated boundaries by approaching the circulation desk.

July 14, 2025 — Library HR

James moved his seat behind Thomas Jackson.

July 15, 2025 — Library HR

James pushed a chair toward me.

July 16, 2025 — Library HR

I emailed supervisors documenting July violations.

Before July 30, 2025 — Library HR

I emailed Head of HR Donyale Henderson. No response.

July 30, 2025 — Library HR

I emailed Diversity Director Guy Sims. He stopped responding.

July 31, 2025 — Library HR

Assistant Chief Hoagland yelled at me and dismissed my boundaries.

August 1, 2025 — Library HR

Hoagland requested a "new list of boundaries."

August 4, 2025 — Library HR

I sent follow-up email documenting the July 31 meeting.

August 11, 2025 — Library HR

James brushed his body against mine. No action taken.

August 12, 2025 — Library HR

James blocked my exit and filed a false complaint.

I filed a workplace violence report.

Supervisor Lisa Chianses-Lopez supported James's false complaint.

Library HR investigated his complaint and ignored mine.

August 13, 2025 — Library HR

I emailed Thomas Jackson about the incidents.

August 21, 2025 — Library HR

HR requested a meeting for August 26.

August 25, 2025 — Library HR

James trapped me in the lunchroom again, blocking my exit and refusing to move. I filed another Workplace Violence Report. Library HR did not investigate this report.

August 26, 2025 — Library HR

HR meeting with Kia James, Iris Wiley, Tracy Delaney, and union representatives.

September 23, 2025 — Library HR

HR instructed Thomas Jackson to issue disciplinary action.

September 24, 2025 — Library HR

Thomas told me to bring a union rep.

September 25, 2025 — Library HR

Stephanie informed me HR requested discipline.

September 26, 2025 — Library HR

Hoagland falsely told my union rep I refused representation.

September 27, 2025 — EEOC Filing

September 30, 2025 — Library HR

Notice of Intended Disciplinary Action delivered.

October 16, 2025 — Library HR

Guy Sims promised follow-up. Never did.

October 21, 2025 — Library HR

Mandi Welsh yelled at me.

Supervisor Lisa Chianses-Lopez ignored my complaint.

December 9, 2025 — PCHR Filing

2026

Week of January 12, 2026 — Library HR

HR improperly copied Thomas Jackson on my confidential medical diagnosis.

January 21, 2026 — Library HR

Zoom meeting with Director Kelly Richards. No follow-up.

February 13, 2026 — Library HR

Retaliatory evaluation based on October 21 incident involving Mandi and Lisa.

February 19, 2026 — Library HR

Disciplinary hearing.

I was cleared of Workplace Violence and Threatening Behavior.

Reports against white supervisors, including Lisa, ignored.

February 24, 2026 — Library HR

Workplace violence report filed against Chloe Murphy.

March 10, 2026 — Library HR

August 13, 2025 — Library HR

I emailed Thomas Jackson about the incidents.

August 21, 2025 — Library HR

HR requested a meeting for August 26.

August 25, 2025 — Library HR

James trapped me in the lunchroom again, blocking my exit and refusing to move. I filed another Workplace Violence Report. Library HR did not investigate this report.

August 26, 2025 — Library HR

HR meeting with Kia James, Iris Wiley, Tracy Delaney, and union representatives.

September 23, 2025 — Library HR

HR instructed Thomas Jackson to issue disciplinary action.

September 24, 2025 — Library HR

Thomas told me to bring a union rep.

September 25, 2025 — Library HR

Stephanie informed me HR requested discipline.

September 26, 2025 — Library HR

Hoagland falsely told my union rep I refused representation.

September 27, 2025 — EEOC Filing

September 30, 2025 — Library HR

Notice of Intended Disciplinary Action delivered.

October 16, 2025 — Library HR

Guy Sims promised follow-up. Never did.

October 21, 2025 — Library HR

Mandi Welsh yelled at me.

Supervisor Lisa Chianses-Lopez ignored my complaint.

December 9, 2025 — PCHR Filing

2026

Week of January 12, 2026 — Library HR

HR improperly copied Thomas Jackson on my confidential medical diagnosis.

January 21, 2026 — Library HR

Zoom meeting with Director Kelly Richards. No follow-up.

February 13, 2026 — Library HR

Retaliatory evaluation based on October 21 incident involving Mandi and Lisa.

February 19, 2026 — Library HR

Disciplinary hearing.

I was cleared of Workplace Violence and Threatening Behavior.

Reports against white supervisors, including Lisa, ignored.

February 24, 2026 — Library HR

Workplace violence report filed against Chloe Murphy.

March 10, 2026 — Library HR

Disciplinary Determination issued.

EAP recommendation added permanently.

March 12, 2026 — Library HR

Second Chloe Murphy incident.

March 25, 2026 — Library HR

Determination letter delivered 15 days late.

March 27, 2026 — Union

March 31, 2026 — Library HR

Mandi Welsh received Outstanding Work award.

April 8, 2026 — Library HR

Confidential Notice of new internal investigation against me.

April 9, 2026 — Library HR

Workplace violence report filed against Marion Ashton.

April 22, 2026 — EEOC Right to Sue Letters


DEPARTMENT OF LABOR – ERU (Separate from Library HR)

*(Only March–April ERU actions belong here)*

March 20, 2026 — Department of Labor ERU

ERU investigator Nicole Galvin left a voicemail stating she had been assigned my case and asked for my lunch period to request video footage. She referenced the wrong date.

March 23, 2026 — Department of Labor ERU

I called Galvin twice during business hours. She returned the call at 4:41 PM and insisted on the wrong date, becoming argumentative.

March 24, 2026 — Department of Labor ERU

I emailed ERU Administrator Elizabeth Martin reporting the interaction with Galvin. Martin confirmed Galvin was assigned to my case and acknowledged my concerns.

March 25, 2026 — Department of Labor ERU

I emailed Martin again stating I still had not received any formal notice from Galvin.

March 26, 2026 — Department of Labor ERU

Galvin emailed me the Notice to Complainant – EEO Investigation and requested scheduling for an interview.

April 2, 2026 — Department of Labor ERU

Galvin emailed again requesting my availability.

April 23, 2026 — Department of Labor ERU

ERU investigator Jordan DeJesse sent a calendar invite for an in-person interview scheduled for April 30, 2026.

CONTINUED TIMELINE (Library HR)

May 2, 2026 — Library HR

Workplace violence report filed against Marion.

Supervisor Lisa Chianses-Lopez orchestrated the confrontation and filed a false complaint.

May 13, 2026 — Library HR

Library HR requested a meeting regarding complaints involving Chloe, Marion, and Hoagland.

Disciplinary Determination issued.

EAP recommendation added permanently.

March 12, 2026 — Library HR

Second Chloe Murphy incident.

March 25, 2026 — Library HR

Determination letter delivered 15 days late.

March 27, 2026 — Union

March 31, 2026 — Library HR

Mandi Welsh received Outstanding Work award.

April 8, 2026 — Library HR

Confidential Notice of new internal investigation against me.

April 9, 2026 — Library HR

Workplace violence report filed against Marion Ashton.

April 22, 2026 — EEOC Right to Sue Letters

DEPARTMENT OF LABOR – ERU (Separate from Library HR)

*(Only March–April ERU actions belong here)*

March 20, 2026 — Department of Labor ERU

ERU investigator Nicole Galvin left a voicemail stating she had been assigned my case and asked for my lunch period to request video footage. She referenced the wrong date.

March 23, 2026 — Department of Labor ERU

I called Galvin twice during business hours. She returned the call at 4:41 PM and insisted on the wrong date, becoming argumentative.

March 24, 2026 — Department of Labor ERU

I emailed ERU Administrator Elizabeth Martin reporting the interaction with Galvin. Martin confirmed Galvin was assigned to my case and acknowledged my concerns.

March 25, 2026 — Department of Labor ERU

I emailed Martin again stating I still had not received any formal notice from Galvin.

March 26, 2026 — Department of Labor ERU

Galvin emailed me the Notice to Complainant – EEO Investigation and requested scheduling for an interview.

April 2, 2026 — Department of Labor ERU

Galvin emailed again requesting my availability.

April 23, 2026 — Department of Labor ERU

ERU investigator Jordan DeJesse sent a calendar invite for an in-person interview scheduled for April 30, 2026.

CONTINUED TIMELINE (Library HR)

May 2, 2026 — Library HR

Workplace violence report filed against Marion.

Supervisor Lisa Chianses-Lopez orchestrated the confrontation and filed a false complaint.

May 13, 2026 — Library HR

Library HR requested a meeting regarding complaints involving Chloe, Marion, and Hoagland.

May 16, 2026 — Library HR

Marion falsely claimed I hung up on her.

Supervisor Lisa Chianses-Lopez treated it as legitimate.

May 19, 2026 — Library HR

Library HR meeting at Parkway Central.

Library HR stated many of my reports were never received.

Library HR recorded the meeting without my consent.

Library HR confirmed Lisa's complaint was included.

Library HR confirmed EAP cannot be removed.

Library HR offered transfer and third-floor reassignment; I declined.

May 20, 2026 — Library HR

• Thomas Jackson scheduled me with Marion despite three active reports.

• Chloe Murphy returned with Evetta. Chloe blocked me from starting my shift. After Chloe left, Evetta removed the safety belt barrier and took a key.

• I waited until both Chloe and Marion left the desk.

• Jackson avoided addressing my concerns.

• Ellestine said there would be no LA3 rotation because she "doesn't like it."

• Jackson said he "didn't know" I wanted rotation, despite never informing me that a rotation existed.

May 29, 2026 — Library HR

Niya verbally attacked me.

Jackson confirmed I was correct.

Jackson recommended anger management for both of us.

I filed an incident report.

June 2026 (early) — Library HR

Library HR opened additional complaints against me while ignoring complaints filed against supervisors.

June 2026 (mid) — Library HR

Library HR called me in again regarding new complaints.

June 2026 (late) — Library HR

Library HR continued investigating complaints filed by supervisors while failing to investigate complaints filed against them.

May 16, 2026 — Library HR

Marion falsely claimed I hung up on her.

Supervisor Lisa Chianses-Lopez treated it as legitimate.

May 19, 2026 — Library HR

Library HR meeting at Parkway Central.

Library HR stated many of my reports were never received.

Library HR recorded the meeting without my consent.

Library HR confirmed Lisa's complaint was included.

Library HR confirmed EAP cannot be removed.

Library HR offered transfer and third-floor reassignment; I declined.

May 20, 2026 — Library HR

• Thomas Jackson scheduled me with Marion despite three active reports.

• Chloe Murphy returned with Evetta. Chloe blocked me from starting my shift. After Chloe left, Evetta removed the safety belt barrier and took a key.

• I waited until both Chloe and Marion left the desk.

• Jackson avoided addressing my concerns.

• Ellestine said there would be no LA3 rotation because she "doesn't like it."

• Jackson said he "didn't know" I wanted rotation, despite never informing me that a rotation existed.

May 29, 2026 — Library HR

Niya verbally attacked me.

Jackson confirmed I was correct.

Jackson recommended anger management for both of us.

I filed an incident report.

June 2026 (early) — Library HR

Library HR opened additional complaints against me while ignoring complaints filed against supervisors.

June 2026 (mid) — Library HR

Library HR called me in again regarding new complaints.

June 2026 (late) — Library HR

Library HR continued investigating complaints filed by supervisors while failing to investigate complaints filed against them.

Erica C. Johnson v. The Free Library of Philadelphia and City of Philadelphia

United States District Court, Eastern District of Pennsylvania

QUESTION 4 — "The reasons for my claims are

I was hired on November 14, 2024, as a Library Assistant 1 at the Joseph E. Coleman Regional Library. Beginning June 10, 2025, I experienced workplace violence, racial discrimination, silent sexual harassment, retaliation, and unequal treatment. My reports were ignored, video evidence was not preserved, and HR failed to investigate my complaints. I was disciplined based on false allegations, given an unfair evaluation, and my confidential medical information was improperly shared. I was denied advancement opportunities, including being excluded from the LA-3 acting supervisor rotation and not being informed of promotional exams. I experienced a hostile work environment created by white coworkers and white leadership, and I was treated differently as a Black woman and as an older employee. These actions violated Title VII and created ongoing retaliation, discrimination, and harm to my career.

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

**III.    Exhaustion of Administrative Remedies:**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: ___4-22-2026___ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

      _____ has not issued a Notice of Right to Sue Letter.
      __✓__ issued a Notice of Right to Sue Letter, which I received on _____*(Date)*.

      **NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C.    *Only plaintiffs alleging age discrimination must answer this question.*

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

      __✓__ 60 days or more have passed.
      _____ fewer than 60 days have passed.

D.    It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: ___12-9-2026___ *(Date)*.

E.    Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct *(check one)*:

      _____ One year or more has passed.
      __✓__ Less than one year has passed.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

_____ Direct the defendant to hire the plaintiff.

_____ Direct the defendant to re-employ the plaintiff.

_____ Direct the defendant to promote the plaintiff.

_____ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

_____ Direct the defendant to reasonably accommodate the plaintiff's religion.

__✓__ Direct the defendant to (*specify*): Cease retaliation and harassment.

__✓__ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

__✓__ Other (*specify*): Direct the defendant to - Please see attachment.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 3 day of __July__, 2026.

Signature of Plaintiff __Erica C Johnson__

Address __32 W Maple Wood Mall, 2nd FL__
__Philadelphia., PA 19144__

Telephone number __267-738-3181__

Fax number (*if you have one*) _____