**CITY OF PHILADELPHIA** | **Department of Labor**
**Employee Relations Unit**
1515 Arch Street, 11th Floor
Philadelphia, PA 19102-1675

## – CONFIDENTIAL –

March 26, 2026

Erica Johnson
Sent via email - erica.c.johnson2006@gmail.com

Re: Notice of EEO Complaint Investigation

Dear Erica,

The Employee Relations Unit (ERU) of the Department of Labor is charged with investigating claims and taking action determined to be appropriate to protect employees, correct employee behavior and ensure policy compliance.  Pursuant to ERU procedure, I have received and been assigned to investigate the complaint you filed on February 19, 2026.

Your participation in the process is essential to the ERU's ability to fulfill its responsibilities and required under the authority granted by the Philadelphia Home Rule Charter.  Consequently, I will be contacting you shortly to schedule an appointment to complete an interview regarding this matter. In the interim, please feel free to contact me directly if there is any additional information you think may assist us during the investigation process. If you are a union-represented employee, you may request a union shop steward be present for the investigatory interview.

Your attendance will be scheduled to correspond with duty hours and reflected as "regular time" for time and attendance purposes.  Interviews are generally conducted in person at the Office of Employee and Labor Relations, located at 1515 Arch Street, 11th Floor.

To ensure a full, fair and objective investigation, and in order to preserve public confidence in the City's ability to investigate effectively and individual privacy protections, you are advised to refrain from discussing this matter with anyone other than ERU Staff or your union representative. This is not intended to prevent you from engaging in protected concerted activities under state and federal law.

**Please note that filing a complaint with the ERU does not bar you from filing with outside agencies such as PCHR, PHRC, and EEOC, nor does it toll or negate any filing deadlines those agencies may have. We will provide contact information for those agencies upon request.**

If you have any questions or concerns on any aspect of this letter, please do not hesitate to contact me directly via phone at **215-683-2968** or email at nicole.galvin@phila.gov.

Sincerely,

Nicole Galvin
Senior Employee and Labor Relations Specialist

 Gmail

Erica Johnson <erica.c.johnson2006@gmail.com>

## Follow-Up Regarding Case Reassignment and Recent Interaction

3 messages

**Erica Johnson** <erica.c.johnson2006@gmail.com>   Tue, Mar 24, 2026 at 1:45 PM
To: Elizabeth Martin <Elizabeth.Martin@phila.gov>

Dear Ms. Martin,

I hope you are doing well. I am writing to follow up regarding my case, as I understand it has recently been reassigned. I want to note that I did not receive any email or notification that my case was being reassigned to another investigator.

I also want to make you aware of a concerning interaction I had with Nicole Galvin. She first left me a voicemail on Friday, March 20, 2026 at 5:38 PM, stating that she had been assigned my case and asking me to tell her what time my lunch period was so she could request video footage for August 12, 2025. That date is not correct. Because normal business hours for most City employees are Monday through Friday, 9:00 AM to 5:00 PM, I was not able to return her call until Monday morning.

On Monday, March 23, 2026 at 8:30 AM, I called her office line and left a message. I then called her cell phone at 9:04 AM and left a second message. When she returned my call at 4:41 PM, I attempted to clarify that the date she referenced was incorrect. However, she became argumentative and continued to insist on the wrong date.

During the call, I explained that there were multiple dates where James violated the agreement that had been put in place, and that several of those incidents which had video footage were included in the timeline of my original complaint leading up to the August 12, 2025 incident. When I mentioned that there were several videos and dates involved, she exaggerated my statement and reacted as though the number of incidents was unreasonable, pretty much my entire timeline. She then continued to press me to confirm a specific date immediately, even though I told her I was at work and could not verify the information at that moment.

The tone and pressure of the conversation were jarring, and I felt panicked and worried that the investigation might be negatively affected if I did not provide information immediately. Her approach did not reflect care for my safety or my privacy, which was troubling given the nature of my complaint. I do not have an email address for Ms. Galvin, so all communication with her has been by phone.

Because you were my original point of contact, I wanted to ensure you were aware of this interaction and that it is documented appropriately.

Thank you for your time and attention.

Sincerely, Erica Johnson

---

**Elizabeth Martin** <Elizabeth.Martin@phila.gov>   Tue, Mar 24, 2026 at 4:33 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Dear Ms. Johnson,

I apologize for any confusion regarding the investigation process. I supervise the ERU and reached out to you initially to gather information prior to assigning the case to an investigator. Nicole Galvin has been assigned to your case. Typically, once the case is assigned the investigator will reach out via phone and email. Nicole Galvin was out of office today but will be in touch soon with a formal notice via email (if you have not yet received it). I will let her know about your concerns about speaking via phone while at work. There can be some time sensitivity in gathering camera footage. However, it is possible to confirm information via email or set up a time for a meeting or call instead. We take seriously complaints that are filed and want to ensure a prompt and thorough investigation is conducted.

Best,

--

*Elizabeth Martin (she/her)*

*Employee and Labor Relations Administrator*

*Employee Relations Unit*

*Office of Employee and Labor Relations*

*City of Philadelphia*

*Office-(215) 683-0031*

*Cell-(267) 303-9536*

*elizabeth.martin@phila.gov*

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Tuesday, March 24, 2026 1:46 PM
**To:** Elizabeth Martin <Elizabeth.Martin@phila.gov>
**Subject:** Follow-Up Regarding Case Reassignment and Recent Interaction

> **External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

[Quoted text hidden]

---

**Erica Johnson** <erica.c.johnson2006@gmail.com>                    Wed, Mar 25, 2026 at 2:34 PM
To: Elizabeth Martin <Elizabeth.Martin@phila.gov>

Dear Ms. Martin,

Thank you again for your earlier message and for clarifying the reassignment process. I wanted to follow up to let you know that, as of today, I have not yet received any email or formal notice from Ms. Galvin.

I appreciate your acknowledgement regarding communication while I am at work. Email or a scheduled time for a call would be much more manageable for me, and I remain fully willing to provide any information needed through those channels.

Please let me know if there is anything further I should expect at this time.

Sincerely, Erica Johnson

[Quoted text hidden]

 Gmail

Erica Johnson <erica.c.johnson2006@gmail.com>

## Receipt of complaint - request for additional info

6 messages

**Elizabeth Martin** <Elizabeth.Martin@phila.gov>                                    Fri, Feb 20, 2026 at 12:38 PM
To: "erica.c.johnson2006@gmail.com" <erica.c.johnson2006@gmail.com>

Dear Erica,

The Employee Relations Unit (ERU) of the Department of Labor is charged with investigating claims and taking action determined to be appropriate to protect employees, correct employee behavior and ensure policy compliance.  I am writing to confirm that we received your complaint filed on February 18, 2025.

We are reviewing your complaint for possible next steps. As part of this, would you be able to provide the following via email?

- **Copy of the workplace violence report you submitted to HR in June 2025**
- **Any correspondence you sent to HR regarding your workplace violence report AND correspondence from HR**
- **Copy of notice of disciplinary action issued September 30, 2025**
- **Copy of unsatisfactory evaluation**

I do want to note that while we can review discipline as part of an investigation, we do not have the authority to rescind discipline, which I see is part of your concerns listed. Your union rep/the grievance process would be the correct forum to address that.

To ensure a full, fair and objective investigation, and in order to preserve public confidence in the City's ability to investigate effectively and individual privacy protections, you are advised to refrain from discussing this matter with anyone other than ERU Staff or your union representative. This is not intended to prevent you from engaging in protected concerted activities under state and federal law.

Please note that filing a complaint with the ERU does not bar you from filing with outside agencies such as PCHR, PHRC, and EEOC, nor does it toll or negate any filing deadlines those agencies may have. We will provide contact information for those agencies upon request.

If you have any questions, please let me know.

--

*Elizabeth Martin (she/her)*

*Employee and Labor Relations Administrator*

*Employee Relations Unit*

*Office of Employee and Labor Relations*

*City of Philadelphia*

*Office-(215) 683-0031*

*Cell-(267) 303-9536*

*elizabeth.martin@phila.gov*

---

**Erica Johnson** <erica.c.johnson2006@gmail.com>                        Mon, Feb 23, 2026 at 8:29 PM
To: Elizabeth Martin <Elizabeth.Martin@phila.gov>

Dear Elizabeth,

Thank you for your email and for confirming receipt of my complaint filed on February 18, 2025. I appreciate the clarification regarding the scope of your review.

I have attached:

- The workplace violence report I submitted in June 2025

- All related correspondence between myself and HR

- The notice of disciplinary action issued on September 30, 2025

- The unsatisfactory evaluation

I understand that ERU does not have the authority to rescind discipline. For context, the outcome of my disciplinary hearing was that the proposed three-day suspension was removed; however, I was still charged with "inappropriate conduct." I am currently appealing this charge through the appropriate union and grievance channels. My appeal is based on the fact that I had a witness who corroborated my account of the incident, and the conduct in question occurred only because another employee physically blocked my ability to exit the area. I am sharing this information solely to ensure that your review has full and accurate context.

Since returning to work after the hearing, multiple coworkers have approached me with questions about my case. I have not discussed my case with any coworkers, which leads me to believe that information from my personnel matters may be circulating inappropriately. I wanted to make ERU aware of this, as it raises concerns about confidentiality and the handling of sensitive information.

I also want to note that I spoke with Kelly Richards, the Head of the Free Library of Philadelphia, by Zoom on January 21, 2026, regarding the entire situation. I did not receive any follow-up after that meeting, so I reached out to him again today by email. I am sharing this to ensure you have a complete understanding of the steps I have taken internally to address these concerns. If you want me to send the email please let me know.

Additionally, if I have inadvertently included an attachment in this thread that should not have been copied, please accept my apologies.

I acknowledge your guidance regarding confidentiality and will limit discussion of this matter to ERU staff and my union representative. Please let me know if you need anything further from me at this stage.

Sincerely, Erica Johnson

[Quoted text hidden]

**17 attachments**


**Formal Dispute of "Unsatisfactory" Rating in Work Relationships-EEO.jpg**
1385K

**Disciplinary Hearing Notice -2-EEO.pdf**
111K

**Formal Dispute of "Unsatisfactory" Rating in Work Relationships - Johnson, Erica - Outlook-EEO.pdf**
178K

**Disciplinary Hearing Notice Erica Johnson, PR# 315258 12182025-EEO.docx**
20K

Fw_ Disciplinary Hearing Notice - February 19, 2026 - Erica Johnson, PR# 315258 - Johnson, Erica - Outlook-EEO.pdf
227K

Fw_ Formal Disciplinary Hearing Notice - 12_18_25 - Erica Johnson, PR# 315258 - Johnson, Erica - Outlook-EEO.pdf
195K

Fw_ Request for Direct Contact Regarding Pending Disciplinary Action - Johnson, Erica - Outlook-Friday September 26 2025 137 PM-EEO.pdf
170K

Fw_ Follow-Up Regarding June 10 Incident — No HR Response Received - Johnson, Erica - Outlook-EEO.pdf
185K

Fw_ Request for Support — Ongoing Workplace Harassment and Unresolved Safety Concerns - Johnson, Erica - Outlook-EEO.pdf
214K

Fw_ Second Email to Ms. Henderson (FW_ Urgent Follow-Up_ June 10, 2025 Workplace Harassment Incident) - Johnson, Erica - Outlook-EEO.pdf
198K

Fw_ workplace investigation meeting - Johnson, Erica - Outlook-8-21-2025-EEO.pdf
186K

Gmail - RE_ workplace investigation meeting-2-EEO.pdf
338K

Notice of Intended Disciplinary Action-EEO.pdf
166K

incident-report-8343-James P-08-12-25-EEO.pdf
58K

workplace-violence-8216-Original Complaint-06-10-2025-1-EEO.pdf
66K

RE_ Follow-Up Regarding June 10 Incident - No HR Response Received - Johnson, Erica - Outlook-Donyale Henderson-EEO.pdf
241K

Gmail - Request for Support — Ongoing Workplace Harassment and Unresolved Safety Concerns-EEO.pdf
288K

---

**Elizabeth Martin** <Elizabeth.Martin@phila.gov>                                        Tue, Feb 24, 2026 at 12:51 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Hi Erica,

I am confirming I received this and will review it.

Best,

--

*Elizabeth Martin (she/her)*

*Employee and Labor Relations Administrator*

*Employee Relations Unit*

*Office of Employee and Labor Relations*

*City of Philadelphia*

*Office-(215) 683-0031*

*Cell-(267) 303-9536*

 Gmail                                         Erica Johnson <erica.c.johnson2006@gmail.com>

---

## Employment Discrimination Intake Form
2 messages

---

**Erica Johnson** <erica.c.johnson2006@gmail.com>                    Tue, Dec 9, 2025 at 12:26 PM
To: pchr@phila.gov

To whom this may concern, My name is Erica Johnson and I have attached my Employment Discrimination Intake Form. If you have any questions or concerns please let me know. My telephone number is 267-738-3181.

Thank you for your time,
Erica Johnson

 **PCHR-employment-discrimination-intake-form.pdf**
828K

---

**PCHR** <PCHR@phila.gov>                                            Tue, Dec 9, 2025 at 12:52 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Your intake form has been received. Please allow 6-10 business days for processing before contacting our office for a status update.

**Philadelphia Commission on Human Relations**

601 Walnut St., Suite 300 S

Philadelphia, PA 19106

**Phone: 215-686-4670**

Facebook | Instagram | Twitter

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Tuesday, December 9, 2025 12:27 PM
**To:** PCHR <PCHR@Phila.gov>
**Subject:** Employment Discrimination Intake Form

---

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

[Quoted text hidden]

# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

# EMPLOYMENT DISCRIMINATION INTAKE FORM

## INSTRUCTIONS

This packet contains the form you will need to complete to begin the process of filing a discrimination complaint with the Philadelphia Commission on Human Relations (PCHR). You can also download and print this form from our website:  www.phila.gov/humanrelations. The form asks for some of the basic information that we need to decide whether or not we can investigate your employment problem. If you have difficulty understanding these instructions or have questions, our staff can assist you.

The **Employment Discrimination Intake Form** asks questions about why you believe you were treated unfairly and how you believe this treatment was against the law. In Philadelphia, the law protects employees against unfair treatment in employment on the basis of:

- ✓ Age (40 or over)
- ✓ Ancestry
- ✓ Breastfeeding
- ✓ Color
- ✓ Conviction History
- ✓ Credit Information
- ✓ Disability
- ✓ Ethnicity
- ✓ Pregnancy/Childbirth or Related Medical Condition
- ✓ Familial Status
- ✓ Gender Identity
- ✓ Victim of Domestic Violence Sexual Assault or Stalking

- ✓ Protective or Cultural Hairstyles
- ✓ Genetic Information
- ✓ Marital Status
- ✓ National Origin
- ✓ Race
- ✓ Religion
- ✓ Retaliation
- ✓ Sex
- ✓ Sexual Orientation
- ✓ Sex Stereotyping
- ✓ Wage History

### The PCHR Cannot Investigate Employment Complaints Based on General Mistreatment

There are many reasons people are treated unfairly, and several of these reasons may not be against the law. The PCHR can only investigate employment complaints based on illegal mistreatment relating to the factors identified above. By law, the PCHR cannot handle general employment concerns based on any other factors. In addition, your complaint should relate to mistreatment that affected you personally. You cannot file a complaint about the treatment of someone else unless you have the legal right to represent that person (*e.g.*, because you are the person's parent or guardian).

Complete the attached form only if you believe you have been discriminated against because of one of the bases listed above. Please take the time to answer all questions completely and accurately.

*Special Instructions during the Covid-19 Pandemic:*
Our office is currently closed to the public because of the pandemic. However, PCHR is still accepting and investigating complaints of discrimination. Once you have completed this Intake Form, please submit it to our office by U.S Mail, Email or Fax.

**Mailing address:** Philadelphia Commission on Human Relations
The Curtis Center
601 Walnut Street, Suite 300 South
Philadelphia, PA 19106
**Email address:** pchr@phila.gov
**Fax:** 215-686 4684

If after reviewing this form you still have questions, please leave a message on the general number.
A member of our staff will get back to you.

**General Phone Number:** 215-686-4670
**TTY:** 215-686-3238

*Important:*
Submitting the enclosed form does not mean you have filed a discrimination complaint. Once we receive your Intake Form a PCHR staff person will review your form then contact you to let you know whether we can assist you. Preparing and filing a discrimination complaint is a complex matter. Please plan for the intake process to take at least 2 hours.

---

**SPECIAL INSTRUCTIONS IF THE DISCRIMINATION OCCURRED MORE THAN 300 DAYS AGO:**
The Philadelphia Commission on Human Relations can only investigate discrimination that occurred within the past 300 days. If your complaint involves events that occurred more than 300 days, please contact our office immediately. If you fail to complete all of the steps for filing a complaint within the legal time period, our staff will not be able to investigate your complaint.

---



# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

# EMPLOYMENT DISCRIMINATION INTAKE FORM

**COMPLAINTS MUST MEET CERTAIN REQUIREMENTS. Please check the boxes to confirm that your claim meets the necessary criteria:**

■ Discrimination occurred in the city of Philadelphia.

■ Discrimination occurred within the past 300 days.

☐ I **have not** already filed a complaint with the Pennsylvania Human Relations Commission or the EEOC with regard to the same discriminatory acts I will describe in this Intake Form.

**STOP**

If your complaint does not meet the above requirements, PCHR may not be able to investigate it. If you have questions, you may speak with an Intake Representative at 215-686-4670, TTY 216-686-3238.

| Some of your answers may require more space than provided here. Please attach additional pages if necessary. |
|---|

## 1. PERSONAL INFORMATION

| Legal Last Name:<br>Johnson | Legal First Name:<br>Erica | Middle Initial:<br>C |
|---|---|---|
| Preferred Last Name: | Preferred First Name: | Middle Initial: |
| Preferred Pronoun(s): | | |

| Date of Birth:<br>10/10/1973 | Cell Phone:<br>267-738-3181 | Home Phone: |
|---|---|---|
| Email Address (if available):<br>erica.c.johnson2006@gmail.com | | Work Phone: |

Street Address (Include Apartment or Unit #):
32 W Maplewood Mall

City, State, Zip Code:
Philadelphia, PA 19144

## 2. FILING ON BEHALF OF ANOTHER PERSON    ☐ Yes    ■ No

**If *yes*, what is the name of the person who experienced discrimination?**

| First Name: | Last Name: |
|---|---|

Relationship to You:

Please attach documentation establishing your authority to file on behalf of person named above.

## 3. BUSINESS, EMPLOYMENT AGENCY OR LABOR ORGANIZATION YOU BELIEVE DISCRIMINATED AGAINST YOU

Name of Business (Employer or Employment Agency) or Labor Organization:
The Free Library of Philadelphia

Street Address:  68 W Chelten Ave

| City, State, Zip:<br>Philadelphia, PA 19144 | Phone: (215) 685-2150 |
|---|---|
| Website: www.freelibrary.org | |

Page 2

<u>Job Location (if different from above address)</u>

| | |
|---|---|
| Street Address: | |
| City, State, Zip: | Phone: |
| Website: | |
| Name of Owner, Supervisor or Manager:<br>Toni Hoagland | Owner, Supervisor, or Manager Phone Number and Email<br>Address: hoaglandt@freelibrary.org |
| Total Number of Employees in All Offices Combined: | |

Were you placed here by an employment/staffing agency?     ☐ Yes     ☒ No

If *yes*, please enter the name of the agency?

| | |
|---|---|
| Street Address: | |
| City, State, Zip: | Phone: |
| Website: | |
| Name of Owner, Supervisor or Manager: | Owner, Supervisor, or Manager Phone & Email Address: |

## 4. EMPLOYMENT HISTORY

**Describe your employment history with the organization you believe discriminated against you.**

| | |
|---|---|
| Date(s) Applied:<br>9/28/2022 | Position(s) Applied for:<br>Library Assistant 1 |
| Date Hired:<br>10/23/2024 | Hired by (Name & Title):<br>Iris Wiley Human Resources Professional |
| Job Title when Hired:<br>Library Assistant 1 | Supervisor (Name & Title):<br>Irene Klemas |
| Job Title at Time of Alleged Discrimination:<br>Library Assistant 1 | Supervisor (Name & Title):<br>Thomas Jackson |
| Are you currently employed with the organization you are filing against?    ☒ Yes    ☐ No<br><br>Date Discharged:<br><br>Date Resigned: | If discharged, what is the name and position of the person who discharged you? |

## 5. BASIS OF DISCRIMINATION (Protected Category)

**I believe I was discriminated against because of my_____.** Please check all that apply. For each category, please state how you identify yourself, where necessary. *For example*, if you checked religion, please specify your religion (such as Catholic, Islam, Jewish, Protestant, Seventh Day Adventist, Sikh). For additional information see website **https://www.phila.gov/services/diversity-inclusion-accessibility-immigration/discrimination/**

☐ Age 40 or over _____

☐ Ancestry _____

☐ Breastfeeding _____

☒ Color (Difference in skin shade within same race) _____

☐ Conviction History (See also Fair Chance Hiring Intake Form) _____

☐ Credit Information _____

☐ Disability (or Perceived Disability)_____

■ Victim of Domestic Violence, Sexual Assault or Stalking _____

☐ Ethnicity _____

☐ Familial Status _____

☐ Gender Identity _____

☐ Protective or Cultural Hairstyles

☐ Genetic Information _____

☐ Marital Status _____

☐ National Origin _____

☐ Wage History _____

■ Race _____

☐ Religion _____

■ Sex/Gender _____

☐ Sexual Orientation _____

☐ Sex Stereotyping _____

☐ Retaliation for Prior Discrimination Complaint or Engaging in a Protected Activity _____

☐ Pregnancy/ Childbirth/ Related Medical Condition _____

Other (Explain) _____

6. **DISCRIMINATORY ACTION TAKEN AGAINST YOU**
   How were you harmed? Please check the box next to the discriminatory action taken against you then describe the harm in further detail in the space provided in number 7. Please note this is not a complete list of possible discriminatory actions. If the harm you experienced is not on this list, check the box marked *other*, identify the harm in a few words then describe it in further detail in number 7. Add additional pages if necessary.

☐ Adverse Action Based on Credit History

☐ Demotion_

☐ Denied Leave

☐ Denied Transfer

☐ Discharge /Termination_

■ Discipline (Suspension, warning, etc.)

☐ English Language Only Rule/ Other Language /Accent Issues

☐ Exclude from Apprenticeship

☐ Exclude from Training

☐ Exclusionary Advertising

☐ Fail to Accommodate Because of Disability

☐ Fail to Accommodate Because of Pregnancy

☐ Fail to Accommodate Because of Religion

☐ Fail to Accommodate Need to Express Breast Milk or Breastfeed_

☐ Fail to Permit Leave Because of Domestic Violence Stalking or Sexual Assault

☐ Failure to Hire_

☐ Failure to Promote_

☐ Failure to Recall after Layoff

☐ Failure to, Upon Request, Change Name or Gender

☐ False Reference or Refuse to give Reference

☐ Forced Leave

■ Forced to Quit

■ Forced Transfer

■ Harassment/ Sexual Harassment

☐ Reliance on Wage History to Set Compensation

☐ Job Offer Withdrawn_

☐ Protected category Considered When Making Job Referral

☐ Labor Organization Adversely Affects Employee Status/ Wages or Employment Opportunity

☐ Layoff

☐ Quota System

☐ Pre-employment Inquiry Beyond Relevant Qualifications includes questions about disability, race, age or any other protected category that are unrelated to the job; or test unrelated to job. *For Inquiry about Conviction History See Fair Chance Hiring Intake Form*

■ Threaten Intimidate Coerce

☐ Unequal Terms & Conditions of Employment including but not limited to Granting Breaks/Approving Leave/ Designation to Less Desirable Assignment, Shift or Location

☐ Unequal Benefits

☐ Unequal Wages

☐ Other

Page 4

7. **Please describe the actions or events that you believe were discriminatory. Be specific and include date, action and name of person responsible. Add additional pages if necessary.**

| Date | Discriminatory Action (*For example: I was suspended*) | Name and Title of Person Responsible |
|---|---|---|
| June 10th, 2025 | On June 10, 2025, at approximately 4:30 PM at the circulation desk, James Pfizenmayer yelled at me and falsely accused me of racially profiling a patron and denying service based on immigration status. This accusation was completely false. James Pfizenmayer became increasingly aggressive, approached me in a hostile manner, and his physical demeanor suggested potential intimidation. When supervisor Lisa Chianses-Lopez arrived, instead of addressing his aggressive behavior, she stood next to him, pointed at me, and questioned what was on my computer screen, creating additional chaos. Following this incident, James Pfizenmayer's retaliation escalated to silent non-verbal sexual harassment. This June 10 incident was captured on camera, but supervisory staff chose to ignore the video evidence. Tony Hoagland later told me that too much time had passed and the video was erased.<br>I reported this to supervisors Stephanie Bujak and Thomas Jackson in a meeting on June 26, 2025, where boundaries were established. James Pfizenmayer violated these boundaries on July 12, 14, and 15, which I reported via email on July 16, 2025. Due to HR's lack of response, I contacted Guy Sims, Chief Director of Diversity and Inclusion, on July 30, 2025. On July 31, 2025, I met with Tony Hoagland, who dismissed my concerns, stating my boundaries were "too rigid" and it was "irrational" to expect James Pfizenmayer not to have access to me. The violations continued on August 11-12, 2025, which I formally reported through the employee intranet on August 12, 2025, and via email to Thomas Jackson on August 13, 2025. Due to the employer's delayed response to my complaints, video evidence of James Pfizenmayer's boundary violations was also allowed to be erased. On August 26, 2025, I attended an HR meeting with Kia James, Iris Wiley, and Tracy Delaney.<br>Following my repeated complaints, on September 24, 2025, Thomas Jackson requested I bring a union representative to a meeting. On September 25, 2025, Stephanie Bujak emailed and spoke with me, informing me that HR requested a Notice of Intended Disciplinary Action be issued against me based on a false counter-complaint filed by James Pfizenmayer, and advised me to get union representation. On September 26, 2025, Tony Hoagland called me to her office and told me I needed a union rep to receive the | Toni Hoagland<br>Stephanie Bujak<br>Thomas Jackson |
| October 21st, 2025 | On October 21, 2025, another white employee, Mandi Welsh, yelled at me at the circulation desk in front of staff members (Niya and Taliah) and library patrons after I professionally requested that my shifts be scheduled back-to-back. Mandi yelled that she was "in charge" and that Thomas Jackson is "always babying" us by allowing us to "pick and choose" schedules. She also yelled that she "hates going on the desk late or last." I remained calm, did not raise my voice, and suggested we discuss the matter privately, but she refused and continued yelling before storming away. This incident was captured on video and witnessed by staff members. I made a formal complaint, but it was ignored. Meanwhile, I continue to face disciplinary action based on false allegations from James Pfizenmayer. | Toni Hoagland<br>Stephanie Bujak<br>Thomas Jackson |
|  |  |  |
|  |  |  |
|  |  |  |

9. **Why do you believe these actions were discriminatory?**

I believe the Notice of Intended Disciplinary Action is retaliatory discrimination for reporting sexual harassment, and also constitutes race and position-based discrimination. I am a Black woman working as a Library Assistant 1, the lowest position involved in this matter. James Pfizenmayer (white), who initially confront

I exercised my legal right to report workplace sexual harassment and repeated boundary violations by James Pfizenmayer. Instead of addressing the harassment I reported, my employer is now threatening me with disciplinary action based on a false counter-complaint James Pfizenmayer filed against me after I persi

Throughout this process, I have been treated dismissively and with hostility by white supervisors while James Pfizenmayer, a white employee, has been protected. On June 10, 2025, when he aggressively confronted me with false accusations of racial profiling, white supervisor Lisa Chianses-Lopez sided with him inst

This disparate treatment continued on October 21, 2025, when white employee Mandi publicly yelled at me at the circulation desk in front of witnesses (Niya and Taliah) and library patrons. Despite video evidence, witness testimony, and my remaining professional and calm throughout the incident, my formal complain

White employees who engage in hostile, unprofessional behavior toward me face no consequences, while I, a Black woman, am subjected to discipline based on false claims. This demonstrates a clear pattern of racial discrimination, selective enforcement of workplace policies, and retaliation. As a Black woman in the

10. **What reasons, if any, were you given for the actions taken against you? Who said it and what is their job title?**

I was informed that an investigation was conducted based on a complaint filed by James Pfizenmayer (the co-worker I reported for sexual harassment) against me. The investigation concluded I allegedly violated the Library's Workplace Violence/Threatening Behavior Policy and Employee Conduct and Professional B

11. **Do you believe the reason(s) given to you were false? Why?**

Yes, I believe these allegations are completely false and represent retaliation for my sexual harassment complaints, as well as race and position-based discrimination. The timeline is critical. I was the complainant who first reported James Pfizenmayer for aggressive behavior and subsequent non-verbal sexual harass

The investigation appears one-sided and designed to discredit me as retaliation for reporting sexual harassment. Critically, video evidence that would have corroborated my complaints was deliberately ignored and allowed to be erased. The June 10, 2025 incident was captured on camera, but supervisory staff ignorec

The racial discrimination is undeniable. I am a Black woman in the lowest position (Library Assistant 1), and throughout this process, white employees who have engaged in hostile, aggressive, and unprofessional behavior toward me have faced no consequences. James Pfizenmayer (white) aggressively confronted m

**12. EMPLOYEES IN SIMILAR SITUATIONS (SAME OR SIMILAR JOB, SAME OR SIMILAR RESPONSIBILITIES)**
Describe employees who were treated better than you. *For example, male supermarket cashiers given 15-minute breaks, female supermarket cashiers are given 10-minute breaks.*

| Full Name | Job Title | Description of Treatment (Please provide details) |
|---|---|---|
| Niya Davis and Taliah Sesay | Library Assistant 1 | ile I do not have specific dates and times as they confided in me privately, their experiences suggest that the employer's failure to address hostile behavior from |
| James Pfizenmayer, Mandi Welsh | Library Assistant 1 | r video evidence that was ignored or erased, he faced no disciplinary action. Instead, when he filed a counter-complaint against me, the employer immediately in |
| Elestine Hines | Library Assistant 1 | aggressive behavior toward supervisors without facing disciplinary action. Despite engaging in confrontational behavior with management, she has not been su |

## REASONABLE ACCOMMODATION (DISABILITY)

Answer Questions 13-15 only if you are claiming discrimination based on disability. If not, skip to Question 16. Please state if you have more than one disability.

Please check all that apply:
- ☐ Yes, I have a disability.
- ☐ I do not have a disability now, but I did have one.
- ☐ I do not have a disability, but my employer treats me as if I do. What disability does your employer think you have? __ ___ ___ __ __

13. **What is the disability that you believe is the reason for the adverse action taken against you? Does this disability substantially limit one or more major life activities, such as walking, bending, lifting, speaking, hearing, seeing, concentrating or communicating? If so, how does this disability affect you?**

_____

_____

_____

14. **Do you use medication, medical equipment to reduce or eliminate the effects of your disability in your daily life?** *For example: Use a wheelchair to aid with mobility, wear noise cancelling headphones to reduce sensitivity to specific sounds or administer insulin for diabetes.*

☐ Yes        ☐ No

a. **If *yes*, what equipment, medications or other measures do you use?**

_____

_____

_____

15. **Did you ask your employer for any changes or assistance to do your job because of your disability?**

☐ Yes        ☐ No

a. **If *yes*, please state when you asked, how you asked, who you asked, what changes or assistance you requested and how the employer responded to your request.**

| Date | Verbal or Written Request? | Name and Title of Person(s) Asked | Changes or Assistance Requested | Employer Response |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**REASONABLE ACCOMMODATION (RELIGION)**
Answer Questions 16-18 if you are claiming discrimination based on religion. If not, skip to Question 19.

16. Did you ask your employer for any changes to your job because of your religion?

       ☐ Yes      ☐ No

17. What is your religion? _____

18. If you answered yes to # 16 please state when you asked, how you asked, who you asked, what changes or you requested and how the employer responded to your request. Add additional pages if necessary

| Date | Verbal or Written Request? | Name and Title of Person(s) Asked | Changes or Assistance Requested | Employer Response |
|------|---------------------------|-----------------------------------|--------------------------------|-------------------|
|      |                           |                                   |                                |                   |
|      |                           |                                   |                                |                   |
|      |                           |                                   |                                |                   |
|      |                           |                                   |                                |                   |

19. **WITNESSES TO DISCRIMINATION**
    Are there any witnesses to the allegeddiscriminatory incidents?   ■ Yes   ☐ No
    a.  If *yes*, please identify them below and describe what you believe they will say.

| Full Name | Job Title | Address & Phone Number | What You Believe This Person Will Say |
|-----------|-----------|------------------------|---------------------------------------|
| Taliah Sesay | Library Assistant 1 | | the event that happened with Mandi Welsh and also her own experience with Mar |
| Niya Davis | Library Assistant 1 | | spered with James Pfzenmayer and Mandi Welsh and also describe her own expe |
| Jane Easley | Libraian Supervisor | | Jane assisted me on August 12, 2025 when I was harassed by James. |

20. Are there any documents or electronic records about the alleged discriminatory incidents?
    ■ Yes   ☐ No
    a.  If *yes*, please identify below and indicate where / from whom we might obtain them.

| Document or other Type of Record | Where / From Whom We Can Obtain Record |
|----------------------------------|----------------------------------------|
| Emails and Formal complaints | Myself and Human resources. I made formal complaints with Human Resources. |
|                              |                                        |
|                              |                                        |

21. **LEGAL REPRESENTATION**
    Are you represented by a lawyer?   ☐ Yes   ■ No
    a.  If *yes*, please provide your lawyer's name and contact information.

| Lawyer's Name and/or Name of Law Office or Legal Organization | Phone Number / email address | Email Address | |
|---------------------------------------------------------------|------------------------------|---------------|--|
|                                                               |                              |               |  |

## 22. ALTERNATE CONTACT INFORMATION
**If we cannot reach you directly, is there someone we can contact to help us reach you?**

| First Name:<br>Lisa | Last Name:<br>Evans |
|---|---|
| Cell Phone:<br>215-435-3385 | Home Phone: |
| Street Address (Include Apartment or Unit #): | |
| City, State, Zip Code: | Email Address (if available): |
| Relationship to You:    Sister | |

23. **Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a discrimination complaint, you must do so within 300 days from the day you knew about the discrimination. If you do not file a complaint within the time limits, you will lose your rights. If you would like more information before filing a complaint or you have concerns about PCHR's notifying the organization about your complaint, you may wish to check Box 1. If you want to file a complaint, check Box 2.**

> **BOX 1** ☐ I want to talk to a PCHR employee before deciding whether to file a complaint. I understand that by checking this box, I have not filed a complaint with the PCHR. **I also understand that I could lose my rights if I do not file a complaint in time.**

> **BOX 2** ☒ I want to file a complaint of discrimination, and I authorize the PCHR to look into the discrimination I described above. I understand that **the PCHR must give the employer, union, or employment agency that I accuse of discrimination information about the complaint, including my name.** I also understand that the PCHR can only accept complaints of employment discrimination based on age, ancestry, breastfeeding, color, conviction history, credit information, disability, domestic or sexual violence, ethnicity, familial status, gender identity, genetic information, marital status, national origin, pregnancy, protective or cultural hair styles, race, religion, retaliation, sex, sexual orientation, sex stereotyping or wage history.

24. **If you checked Box 2 above, what would you like to have happen in response to your complaint?** (Ex. job restored, back pay, seniority reinstated, guarantee of no future discrimination, work record cleansed)

I request the following remedies Immediate withdrawal and expungement of the Notice of Intended Disciplinary Action issued against me in September 2025. This disciplinary action is retaliatory and based on false allegations, and it should be completely removed from my employment record.Full clearing of my work r

Investigation and appropriate disciplinary action against supervisors and HR personnel who failed to properly investigate my complaints, allowed video evidence to be erased, made false statements (Tony Hoagland's false claim that I refused union representation), dismissed my legitimate safety concerns, and retalia

I declare under penalty of perjury that all of the information that I have provided on this form is true, correct, and complete to the best of my knowledge. I acknowledge that false statements on this form are punishable under state law, 18 Pa. C.S. § 4904 (unsworn falsification to authorities).

Erica C. Johnson                                    12/09/2025
_____              _____
**Signature**                                      **Today's Date**

*elizabeth.martin@phila.gov*

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Monday, February 23, 2026 8:29 PM
**To:** Elizabeth Martin <Elizabeth.Martin@phila.gov>
**Subject:** Re: Receipt of complaint - request for additional info

---

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

[Quoted text hidden]

---

**Elizabeth Martin** <Elizabeth.Martin@phila.gov>                          Thu, Mar 5, 2026 at 3:26 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Hi Erica,

Thank you for providing this additional information. In your original complaint, you wrote that the basis was race, color, sex—do you have examples you can provide?

Best,

--

*Elizabeth Martin (she/her)*

*Employee and Labor Relations Administrator*

*Employee Relations Unit*

*Office of Employee and Labor Relations*

*City of Philadelphia*

*Office-(215) 683-0031*

*Cell-(267) 303-9536*

*elizabeth.martin@phila.gov*

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Monday, February 23, 2026 8:29 PM
**To:** Elizabeth Martin <Elizabeth.Martin@phila.gov>
**Subject:** Re: Receipt of complaint - request for additional info

---

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments**

unless you recognize the sender.

Dear Elizabeth,

[Quoted text hidden]
[Quoted text hidden]

---

**EZE** <erica.c.johnson2006@gmail.com>                                    Fri, Mar 13, 2026 at 7:05 AM
To: Elizabeth Martin <Elizabeth.Martin@phila.gov>

Good morning Elizabeth I'm still gathering information and I will have everything together by this weekend. Thank you for your patience.

Erica C Johnson

> On Mar 5, 2026, at 3:26 PM, Elizabeth Martin <Elizabeth.Martin@phila.gov> wrote:

[Quoted text hidden]

---

**Erica Johnson** <erica.c.johnson2006@gmail.com>                         Mon, Mar 16, 2026 at 9:05 AM
To: Elizabeth Martin <Elizabeth.Martin@phila.gov>

Good Morning Elizabeth,

Thank you for allowing me the time to gather my information. I placed my examples in this format so that I am able to keep track of it. I also have emails to support the information below.

## RACE & COLOR DISCRIMINATION

### 1. Selective Enforcement -White Employee Protected, Black Woman Disciplined

I am a Black woman employed as a Library Assistant 1. James Pfizenmayer (white) aggressively confronted me with false accusations on June 10, 2025. My months of complaints against him were ignored and he faced no disciplinary action. When he later filed allegations against me, they were immediately investigated and resulted in a 3-day suspension and a disorderly conduct finding. Despite being found not guilty of the primary allegation against me due to witness testimony, I still received discipline while James Pfizenmayer was rewarded with a transfer to another library.

### 2. White Employee's Misconduct Ignored, Black Woman Penalized

On October 21, 2025, white employee Mandi Welsh publicly yelled at me at the circulation desk in front of coworkers and patrons. I remained calm and professional throughout. Video evidence existed. I filed a formal complaint. It was completely ignored and no disciplinary action was taken against Mandi Welsh. As a direct result of this incident which I did not cause I received an Unsatisfactory rating in Work Relationships on my February 13, 2026 annual performance evaluation. Mandi Welsh faced no negative consequences.

### 3. Complaints Against White Supervisors Ignored

I filed incident reports against four supervisors. The three white supervisors Lisa Chianses-Lopez, Stephanie Bujak, and Antoinette Hoagland received no response whatsoever. The only report that received an acknowledgment was the one filed against Thomas Jackson, the Black supervisor. I have confirmation emails documenting this selective response, demonstrating that

complaints against white supervisors are being shielded while complaints against the Black supervisor are being processed.

## 4. Pattern of Hostile Conduct by White Employees Left Unaddressed

I am not the only employee who has experienced hostile behavior from James Pfizenmayer and Mandi Welsh. Coworkers Niya Davis and Taliah Sesay have also experienced verbal abuse and hostile aggression from both of them. Management has taken no action against either James Pfizenmayer or Mandi Welsh despite multiple employees being affected, further demonstrating a pattern of protecting white employees while ignoring their misconduct.

## 5. Video Evidence Ignored

In multiple incidents, video evidence existed to support my complaints. That evidence was never reviewed, preserved, or used to investigate the conduct of white employees, yet allegations made against me were immediately acted upon without the same standard of evidence being required.

## 6. Management Dismissed My Safety Concerns

When I reported James Pfizenmayer's boundary violations, Antoinette Hoagland (white supervisor) told me that I was being "irrational" for wanting safety. This demonstrates that management actively minimized and dismissed my concerns rather than taking them seriously, which contributed directly to the escalation of the hostile work environment I was subjected to.

## 7. Performance Evaluation Used as Retaliation

The February 13, 2026 annual performance evaluation instructed me to "find ways to work with those who demonstrate a very different approach to work." This language essentially directed me to accommodate the employees who harassed me, placing the burden of resolving the hostile work environment entirely on me as the victim rather than on those who created it. Despite receiving Satisfactory ratings in every other category, the single Unsatisfactory in Work Relationships resulted from an incident caused entirely by a white employee's hostile conduct toward me.

**SEX DISCRIMINATION**

## 8. Sexual Harassment Ignored

I reported James Pfizenmayer for nonverbal sexual harassment on multiple occasions. Management failed to investigate or take corrective action despite my repeated reports.

## 9. Retaliated Against for Reporting

After reporting the sexual harassment, I was issued a Notice of Intended Disciplinary Action, received an Unsatisfactory performance evaluation, was suspended for 3 days, and was found guilty of disorderly conduct at a February 19, 2026 hearing despite witness Andrea Lemoines testifying that I did not hit James and that he was blocking my path preventing me from leaving.

## 10. Protective Boundaries Established But Never Enforced

On June 26, 2025, supervisors themselves established boundaries to protect me from James Pfizenmayer. I reported multiple violations of those boundaries and no action was taken to enforce them. The fact that management later asked whether James was even aware of these boundaries demonstrates that they failed to communicate or enforce their own protective measures, leaving me without the protection they had promised.

## Summary

The pattern described above demonstrates a consistent and ongoing practice of protecting white employees from accountability while subjecting me, a Black woman, to discipline and adverse

employment actions. I was the original victim of harassment and workplace violence. I reported the misconduct through every available channel. Instead of being protected, I was suspended, given an unsatisfactory evaluation, and found guilty of disorderly conduct while the white employees who engaged in hostile, aggressive, and harassing behavior toward me and others faced no consequences whatsoever.

Erica C. Johnson

[Quoted text hidden]

 Gmail                                    Erica Johnson <erica.c.johnson2006@gmail.com>

## 2026-45, E. Johnson, Notice to Complainant - EEO Investigation

2 messages

**Nicole Galvin** <Nicole.Galvin@phila.gov>                 Thu, Mar 26, 2026 at 1:05 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Good afternoon,

I apologize for the delay in sending this, I was out of the office.  I hope you're well.

Please read and review the attached.

I want to schedule an interview with you, <u>please advise me of your work schedule for the next three weeks</u>, starting after April 15, 2026. I do have one availability on March 31, 2026, from 10am -Noon – if you are available; after that I will not be able to meet with you until the week of April 15, 2026.

It is required that you be **on duty when this interview is conducted** as you are paid regular time for time-keeping purposes

This is an **in-person interview at 1515 Arch Street, 11th Floor and** can take approximately 2 hours to complete.

Once we confirm the date and time that we're going to meet I'll send you a calendar invite and ask that you confirm your attendance.

Thank you,

*Nicole Galvin*

Nicole "Nikki" Galvin

Senior Employee & Labor Relations Specialist

Department of Labor

Email: Nicole.Galvin@phila.gov

Phone: 215-683-2968

Pronouns:She/Her/Hers

City of
**Philadelphia**

The information contained in this e-mail message may be privileged and confidential information and is intended only for the use of the individual and/or entity identified in the alias address of this message. If the reader of this message is not the intended recipient you are hereby requested not to distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original message from your system

 **2026-46, E. Johnson Notice to Complainant - EEO Investigation.pdf**
123K

**Nicole Galvin** <Nicole.Galvin@phila.gov>                                                Thu, Apr 2, 2026 at 1:05 PM
To: "erica.c.johnson2006@gmail.com" <erica.c.johnson2006@gmail.com>
Cc: Jordan DeJesse <jordan.dejesse@phila.gov>

Good afternoon, Erica,

I hope you're well.

I'm following up with you related to scheduling.

Please let me know your upcoming availability when you have an opportunity.

Have a great Friday and weekend!

[Quoted text hidden]

---

📄 **2026-46, E. Johnson Notice to Complainant - EEO Investigation.pdf**
123K

 Gmail

## Erica / Jordan / Geri Intake

4 messages

---

**Jordan DeJesse** <jordan.dejesse@phila.gov>                                        Wed, Apr 15, 2026 at 7:41 AM
To: Geri Clement <Geri.Clement@phila.gov>, "erica.c.johnson2006@gmail.com" <erica.c.johnson2006@gmail.com>,
DOLSmallConferenceRoom <DOLSmallConferenceRoom@phila.gov>

Good morning,

Please see calendar invite for our in-person meeting on Thursday, April 30th at 10:00 AM.

Some reminders:

- This is an in-person interview at 1515 Arch Street, 11th Floor.
- You are entitled to union representation if you are a represented employee.
- Time spent for this meeting will be paid as regular time for timekeeping and attendance purposes, travel time is included. I can provide a note if needed.

Feel free to call or email me if you have any questions.

Thank you,

Jordan

📄 **invite.ics**
3K

---

**EZE** <erica.c.johnson2006@gmail.com>                                             Wed, Apr 15, 2026 at 8:13 AM
To: sheryldavids@aol.com

Good morning Sheryl,

I have an appointment April 30, 2026 at 10 AM with a Labor Relations Specialist from Department of Labor. I have attached a email that was sent to me. Do you think you can make this interview?

Erica C Johnson

Begin forwarded message:

> **From:** Jordan DeJesse <jordan.dejesse@phila.gov>
> **Date:** April 15, 2026 at 7:41:47 AM EDT
> **To:** Geri Clement <Geri.Clement@phila.gov>, erica.c.johnson2006@gmail.com, DOLSmallConferenceRoom <DOLSmallConferenceRoom@phila.gov>
> **Subject: Erica / Jordan / Geri Intake**

[Quoted text hidden]

📄 **mime-attachment.ics**
3K

---

**EZE** <erica.c.johnson2006@gmail.com>                                      Wed, Apr 15, 2026 at 8:18 AM
To: Jordan DeJesse <jordan.dejesse@phila.gov>
Cc: Geri Clement <Geri.Clement@phila.gov>, DOLSmallConferenceRoom <DOLSmallConferenceRoom@phila.gov>

Good morning,

I am confirming the appointment on April 30, 2026, from 10 AM to 12 PM and have added it to my calendar.

Thank you,

Erica C Johnson


On Apr 15, 2026, at 7:41 AM, Jordan DeJesse <jordan.dejesse@phila.gov> wrote:


[Quoted text hidden]
<mime-attachment.ics>

---

**Jordan DeJesse** <jordan.dejesse@phila.gov>                                Tue, Apr 21, 2026 at 10:37 AM
To: EZE <erica.c.johnson2006@gmail.com>

Good morning,


Are you available to meet with us at 8:30 or 9:00 AM on April 30th?


Thank you,

Jordan




**Jordan DeJesse**

Senior Employee & Labor Relations Specialist

Department of Labor

City of Philadelphia

1515 Arch Street, 11th Floor

Philadelphia, PA 19102

Office: 215-683-5101

Email: jordan.dejesse@phila.gov

**From:** EZE <erica.c.johnson2006@gmail.com>
**Sent:** Wednesday, April 15, 2026 8:19 AM
**To:** Jordan DeJesse <jordan.dejesse@phila.gov>
**Cc:** Geri Clement <Geri.Clement@phila.gov>; DOLSmallConferenceRoom <DOLSmallConferenceRoom@phila.gov>
**Subject:** Re: Erica / Jordan / Geri Intake

---

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

[Quoted text hidden]

 Gmail                                    Erica Johnson <erica.c.johnson2006@gmail.com>

## Interview Scheduling and Investigator Assignment

8 messages

**Erica Johnson** <erica.c.johnson2006@gmail.com>                    Sun, Apr 5, 2026 at 11:08 PM
To: jordan.dejesse@phila.gov

Dear Jordan,

Thank you for reaching out regarding the scheduling of my interview. I am available the week of April 20th and can confirm a date and time that works for your schedule.

Before we finalize the appointment, I would like to clarify one point. Because my complaint includes concerns about Ms. Galvin's conduct during her handling of this matter, I do not feel comfortable having her present during my interview. For the integrity of the process and to ensure I can participate fully, I respectfully request that the interview be conducted without Ms. Galvin in attendance, or that a neutral third-party investigator be assigned to conduct the interview.

Please let me know if this can be accommodated, and I will confirm my availability for the week of April 20th.

Thank you for your understanding.

Sincerely, **Erica C. Johnson**

---

**Jordan DeJesse** <jordan.dejesse@phila.gov>                    Mon, Apr 6, 2026 at 6:52 AM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Good morning,

I've received this email and will be discussing it with my supervisor. I'll follow up with you regarding scheduling once another investigator has been assigned.

Thank you,

Jordan

        **Jordan DeJesse**

Senior Employee & Labor Relations Specialist

Department of Labor

City of Philadelphia

1515 Arch Street, 11th Floor

Philadelphia, PA 19102

Office: 215-683-5101

Email: jordan.dejesse@phila.gov

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Sunday, April 5, 2026 11:09 PM
**To:** Jordan DeJesse <jordan.dejesse@phila.gov>
**Subject:** Interview Scheduling and Investigator Assignment

---

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

[Quoted text hidden]

---

**Jordan DeJesse** <jordan.dejesse@phila.gov>                                    Mon, Apr 13, 2026 at 1:45 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Good afternoon,

I'd like to schedule your intake and would like to confirm your availability. Are you able to meet on Wednesday, 4/29 at 11:00 AM or Thursday, 4/30 at 9:00 AM? I will be conducting your investigation, and Geri Clement will be present as the second analyst.

Let me know if you have any questions.

Thank you,

Jordan



**Jordan DeJesse**

Senior Employee & Labor Relations Specialist

Department of Labor

City of Philadelphia

1515 Arch Street, 11th Floor

Philadelphia, PA 19102

Office: 215-683-5101

Email: jordan.dejesse@phila.gov

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Sunday, April 5, 2026 11:09 PM
**To:** Jordan DeJesse <jordan.dejesse@phila.gov>
**Subject:** Interview Scheduling and Investigator Assignment

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Dear Jordan,

[Quoted text hidden]

---

**Erica Johnson** <erica.c.johnson2006@gmail.com>                                    Mon, Apr 13, 2026 at 2:39 PM
To: Jordan DeJesse <jordan.dejesse@phila.gov>

Good afternoon,

Thank you for reaching out. I would like to confirm my availability for the intake meeting. I am typically off every other Wednesday for my R1 day, so I wanted to check whether the intake can be conducted on an R1 day or if I need to be scheduled on duty for the meeting.

If the intake must occur while I am on duty, I can schedule for Thursday, 4/30 at 9:00 AM, and that time works for me.

Please let me know which option is appropriate.

Thank you, Erica Johnson

[Quoted text hidden]

---

**Jordan DeJesse** <jordan.dejesse@phila.gov>                                    Mon, Apr 13, 2026 at 2:42 PM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

The interview must be conducted on a regular workday. What is an R1 day?

[Quoted text hidden]

---

**Erica Johnson** <erica.c.johnson2006@gmail.com>                                    Mon, Apr 13, 2026 at 2:53 PM
To: Jordan DeJesse <jordan.dejesse@phila.gov>

Thank you for the clarification. An R1 day is my regularly scheduled weekday off. I work every other Saturday, so my schedule includes an R1 usually on Wednesday's the weeks when I am assigned to work Saturday. For this pay period, Wednesday 4/29 is my R1 day and I am not on duty.

Since the intake must be conducted on a regular workday, I can meet on **Thursday, 4/30**. If possible, would **10:00 AM** be available instead of 9:00 AM?

Please let me know if that adjustment works or if 9:00 AM is required.

Thank you, Erica Johnson

[Quoted text hidden]

---

**Jordan DeJesse** <jordan.dejesse@phila.gov>                                    Tue, Apr 14, 2026 at 7:14 AM
To: Erica Johnson <erica.c.johnson2006@gmail.com>

Thursday 4/30 at 10:00 AM should be fine. I will confirm with Geri, if that works for her I will send a calendar invite.

[Quoted text hidden]

---

**EZE** <erica.c.johnson2006@gmail.com>                                    Tue, Apr 14, 2026 at 7:18 AM
To: Jordan DeJesse <jordan.dejesse@phila.gov>

OK, great thank you. Enjoy the rest of your day.
Erica C Johnson

> On Apr 14, 2026, at 7:14 AM, Jordan DeJesse <jordan.dejesse@phila.gov> wrote:
>
> Thursday 4/30 at 10:00 AM should be fine. I will confirm with Geri, if that works for her I will send a calendar invite.

<image001.png>     **Jordan DeJesse**

Senior Employee & Labor Relations Specialist

Department of Labor

City of Philadelphia

1515 Arch Street, 11th Floor

Philadelphia, PA 19102

Office: 215-683-5101

Email: jordan.dejesse@phila.gov

**From:** Erica Johnson <erica.c.johnson2006@gmail.com>
**Sent:** Monday, April 13, 2026 2:54 PM
**To:** Jordan DeJesse <jordan.dejesse@phila.gov>
**Subject:** Re: Interview Scheduling and Investigator Assignment

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Thank you for the clarification. An R1 day is my regularly scheduled weekday off. I work every other Saturday, so my schedule includes an R1 usually on Wednesday's the weeks when I am assigned to work Saturday. For this pay period, Wednesday 4/29 is my R1 day and I am not on duty.

Since the intake must be conducted on a regular workday, I can meet on **Thursday, 4/30**. If possible, would **10:00 AM** be available instead of 9:00 AM?

Please let me know if that adjustment works or if 9:00 AM is required.

Thank you, Erica Johnson

On Mon, Apr 13, 2026 at 2:42 PM Jordan DeJesse <jordan.dejesse@phila.gov> wrote:

The interview must be conducted on a regular workday. What is an R1 day?

<image001.png>    **Jordan DeJesse**

Senior Employee & Labor Relations Specialist

Department of Labor

City of Philadelphia

1515 Arch Street, 11th Floor

Philadelphia, PA 19102

Office: 215-683-5101

Email: jordan.dejesse@phila.gov

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

<image001.png>    **Jordan DeJesse**

Senior Employee & Labor Relations Specialist

Department of Labor

City of Philadelphia

1515 Arch Street, 11th Floor

Philadelphia, PA 19102

Office: 215-683-5101

Email: jordan.dejesse@phila.gov

[Quoted text hidden]